———————————————

MARQUETTE GENERAL
HOSPITAL, INC.,

        Plaintiff,                      Case No.  2:11-CV-31

-vs-                                    HON.  GORDON J. QUIST

STARMARK INSURANCE CO.,

        Defendant.

_____/

## OPINION

     Plaintiff, Marquette General Hospital, Inc. ("MGHI") filed a one-count complaint in the Marquette Circuit Court against Defendant, Trustmark Life Insurance Company[1] ("Trustmark"), seeking to recover medical benefits under a Trustmark group insurance policy (the "Policy") for medical services MGHI provided to the minor children of Joshua and Andrea Osborn.  MGHI attached to its complaint a copy of the assignment it had received from the Osborns, which indicated that the insurance policy was issued to Joshua Osborn's employer, Shute Oil Company, Inc. Trustmark removed the case to this Court on January 24, 2011, pursuant to 28 U.S.C. § 1441(a) and (b), on the basis of both federal question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332.  With regard to federal question jurisdiction, Trustmark alleged that MGHI's claims are completely preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1001, *et seq.*

---

[1]In its complaint, MGHI incorrectly identified Trustmark as Starmark Insurance Co.  Although neither party has moved to amend the caption, for purposes of the instant motions the Court will refer to Defendant as Trustmark.

Trustmark has now moved to dismiss MGHI's complaint on the grounds that the sole state law claim MGHI asserts is preempted by ERISA and any claim for medical benefits is time-barred under the Policy's three-year limitations period. In response, MGHI has moved for remand to state court. For the reasons that follow, the Court will deny MGHI's motion to remand and grant Trustmark's motion to dismiss, but will allow MGHI an opportunity to file a motion for leave to amend its complaint to allege a breach of contract claim based upon the alleged preferred provider agreement between Upper Peninsula Managed Care, LLC, d/b/a the U.P. Health Plan ("UPHP") and Trustmark.

## I. MOTION TO REMAND

MGHI's entire complaint states as follows:

1. Plaintiff is a medical care facility located in the city of Marquette in the state of Michigan.

2. On information and belief, defendant, [Trustmark] is a medical insurance company which provided medical benefits for the family of Joshua and Andrea M. Osborn.

3. Attached hereto as Exhibit A is an assignment for authorization to sue defendant insurance company for medical benefits provided to the minor children of Mr. and Mrs. Osborn.

4. Between the dates of January 19, 2006 and February 12, 2007 Plaintiff provided medical services to the minor children of Andrea and Joshua Osborn.

5. A copy of itemized statements of account are available upon request.

6. The defendant made partial payments for the services provided to the minor children of Mr. and Mrs. Osborn, but has failed and refused to pay the balance due. There now remains due the sum of $132,276.32.

7. This matter is within the jurisdiction of this court.

(Compl., dkt. no. 1-3.) The assignment attached to the complaint states: "At the time the services were provided, we [the Osborns] were insured by [Trustmark], Group ID: SM72598X, ID: 0150-7573. The employer was Shute Oil Company, Inc."

As courts of limited jurisdiction, "federal court[s] must proceed with caution in deciding that [they have] subject matter jurisdiction." *Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1252 (6th Cir. 1996). Removal statutes are thus strictly construed to promote comity and preserve jurisdictional boundaries between state and federal courts. *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994). "The removing party bears the burden of demonstrating federal jurisdiction, and all doubts should be resolved against removal." *Harnden v. Jayco, Inc.*, 496 F.3d 579, 581 (6th Cir. 2007) (citing *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549-50 (6th Cir. 2006)).

## A.     Federal Question Jurisdiction

The existence of federal question jurisdiction is determined by examining the plaintiff's well-pleaded complaint. Federal question jurisdiction arises where a "well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28, 103 S. Ct. 2841, 2856 (1983). Under this rule, the plaintiff is the master of his claim and can avoid federal court jurisdiction by relying exclusively on state law. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429 (1997). Where the plaintiff relies exclusively on state law to establish its claim, removal is not permitted even where the claim is subject to a federal defense. *City of Warren v. City of Detroit*, 495 F.3d 282, 286 (6th Cir. 2007). As the Supreme Court has explained:

> Although such allegations show that very likely, in the course of the litigation, a question under the Constitution would arise, they do not show that the suit, that is,

> the plaintiff's original cause of action, arises under the Constitution. For better or worse, under the present statutory scheme as it has existed since 1887, a defendant may not remove a case to federal court unless the plaintiff's complaint establishes that the case arises under federal law.

*Franchise Tax Bd.*, 463 U.S. at 10, 103 S. Ct. at 2846-47 (quotation marks, citations, and edits omitted). This rule applies to any federal defense, "including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar*, 482 U.S. at 393, 107 S. Ct. at 2430.

The complete preemption doctrine is a limited exception to the well-pleaded complaint rule. *See AmSouth Bank v. Dale*, 386 F.3d 763, 776 (6th Cir. 2004). Complete preemption derives from the premise that "Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in nature." *Metro. Life Ins. v. Taylor*, 481 U.S. 58, 63-64, 107 S. Ct. 1542, 1546 (1987). ERISA is one the few federal statutes to which the Supreme Court has applied complete preemption. *See Gentek Bldg Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 325 (6th Cir. 2007). A state law claim will be completely preempted only if it falls within ERISA's civil enforcement provision set forth in § 502(a), 29 U.S.C. § 1132(a). *Metro. Life*, 481 U.S. at 67, 107 S. Ct. at 1548.

ERISA is also one of the few federal statutes where complete preemption and ordinary, or conflict, preemption may arise. *See Taylor Chevrolet Inc. v. Med. Mut. Servs. LLC*, 306 F. App'x 207, 210 (6th Cir. 2008). Pursuant to 29 U.S.C. § 1144(a), "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan" are preempted. Because preemption under § 1144(a) is a defense, it "does not create a federal cause of action itself, and cannot convert a state cause of action into a federal cause of action under the well-pleaded complaint rule." *Warner v. Ford Motor Co.*, 46 F.3d 531, 534 (6th cir. 1995). *See also Roddy v. Grand Trunk W. R.R. Inc.*, 395 F.3d 318, 323 (6th Cir. 2005) ("Complete preemption that supports removal and ordinary

preemption are two distinct concepts."). Thus, "no removal jurisdiction exists under § 1144." *Warner*, 46 F.3d at 534. Because the issue here is whether removal was proper, the focus is on complete preemption rather than ERISA preemption under § 1144.[2]

In *Aetna Health Inc. v. Davila*, 542 U.S. 200, 124 S. Ct. 2488 (2004), the Court summarized complete preemption for purposes of ERISA as follows:

> [I]f an individual brings suit complaining of a denial of coverage for medical care, where the individual is entitled to such coverage only because of the terms of an ERISA-regulated employee benefit plan, and where no legal duty (state or federal) independent of ERISA or the plan terms is violated, then the suit falls "within the scope of" ERISA § 502(a)(1)(B). In other words, if an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B), and where there was no other independent legal duty that is implicated by a defendant's actions, then the individual's cause of action is completely pre-empted by ERISA § 502(a)(1)(B).

*Id.* at 210, 124 S. Ct. at 2496. Thus, complete preemption requires two inquiries: (1) whether the plaintiff could have brought its claim under § 502(a); and (2) whether any other legal duty supports the plaintiff's claim.

With regard to the first inquiry, generally, only certain persons – the Secretary of Labor, participants, beneficiaries, and fiduciaries – have statutory standing to bring an action under § 1132(a). *See Local 6-0682 Int'l Union of Paper v. Nat'l Indus. Grp. Pension Plan*, 342 F.3d 606, 609 n.1 (6th Cir. 2003). Although MGHI does not fall into any of these categories, it nonetheless has standing to bring an ERISA claim because it has a valid assignment of ERISA benefits from the Osborns. *See Cromwell v. Equicor-Equitable HCA Corp.*, 944 F.2d 1272, 1277 (6th Cir. 1991) (holding that a healthcare provider has standing to assert a claim under ERISA if it has received a valid assignment of benefits from a participant or beneficiary). Regarding the second inquiry –

---

[2]The Policy, an employer-sponsored plan, is an "employee welfare benefit plan" under ERISA. *See* 29 U.S.C. § 1002(1); *Libbey-Owens-Ford Co. v. Blue Cross & Blue Shield Mut. of Ohio*, 982 F.2d 1031, 1034 (6th Cir. 1993) (noting that "employee welfare benefit plans may be created through the mere purchase of a group health insurance policy when the owner does not retain control, administrative power, or responsibility for benefits"). MGHI does not dispute that the Policy is an ERISA welfare benefit plan.

whether any other legal duty supports MGHI's claim, MGHI's claim is for recovery of medical benefits to which the Osborns are entitled under the Policy. This is a quintessential claim for benefits under ERISA § 502(a)(1)(b). No other legal duty is implicated by these allegations.

MGHI contents that its claim is not completely preempted because it is a simple collection action subject to state collection law. Yet, it is a collection action seeking to recover benefits from an ERISA plan. As the Court recognized in *Davila*, a plaintiff's label or characterization of its claim is irrelevant to determining whether a claim is or is not preempted. *See Davila*, 542 U.S. at 214, 124 S. Ct. at 2498. The cases MGHI cites are inapposite to the issue of removal jurisdiction because they concerned ERISA's preemption provision rather than complete preemption. *See, e.g., N.Y. State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645, 115 S. Ct. 1671 (1995) (holding that ERISA § 514(a) did not preempt a New York statute requiring hospitals to collect surcharges from patients covered by a commercial insurer but not from patients insured by a Blue Cross/Blue Shield plan); *Mackey v. Lanier Collection Agency & Serv., Inc.*, 486 U.S. 825, 108 S. Ct. 2182 (1988) (holding that a state statute that singled out ERISA employee welfare benefit plans for protective treatment under state garnishment procedures was not preempted by § 514(a)). MGHI's reliance on *Marquette General Hospital, Inc. v. Aetna Health, Inc.*, No. 2:09-CV-135, 2009 WL 4021119 (W.D. Mich. Nov. 19, 2009) is puzzling, because MGHI's state court allegations in that case were very similar to its state court allegations in the instant case, and the court in that case concluded that removal was proper.

MGHI also contends that the liability it seeks to enforce against Trustmark arises not from the Policy, but from its separate provider agreement with Trustmark through UPHP. Although MGHI refers to this separate contract at various points throughout its briefs, no such claim is alleged

in the complaint. The only claim set forth in the complaint is a claim for benefits from an ERISA

plan. Removal was thus proper based on federal question jurisdiction.

### B.       Diversity Jurisdiction

Trustmark also alleged that removal was proper based on diversity jurisdiction. Trustmark

established diversity in its notice of removal by alleging that MGHI is a citizen of the State of

Michigan and Trustmark is a citizen of Illinois. (Notice of Removal ¶ 4a. and b.) MGHI asserts that

there is no diversity jurisdiction not because the parties are citizens of the same state, but because

the "direct action" provision in 28 U.S.C. § 1332(c)(1) imputes the Osborns' residency to Trustmark.

MGHI's argument ignores the plain language of the "direct action" provision as well as controlling

Sixth Circuit authority.

Section 1332(c)(1) provides, in pertinent part,

> that in any direct action against the insurer of a policy or contract of liability
> insurance, whether incorporated or unincorporated, to which action the insured is not
> joined as a party-defendant, such insurer shall be deemed a citizen of the State of
> which the insured is a citizen, as well as of any State by which the insurer has been
> incorporated and of the State where it has its principal place of business.

28 U.S.C. § 1332(c)(1). This provision does not apply in this case for two reasons. First, this is not

an action against "the insurer of a policy or contract of liability insurance." Rather, the Policy is a

health insurance policy. Second, the Sixth Circuit has held that the "direct action" provision does

not apply to disputes between an insured and his or her own insurance company. *Lee-Lipstreu v.

Chubb Grp. of Ins. Cos.*, 329 F.3d 898, 899-300 (6th Cir. 2003); *see also Estate of Monahan v. Am.

States Ins. Co.*, 75 F. App'x 340, 343 (6th Cir. 2003) ("Section 1332(c)(1) refers to situations where

the plaintiff is suing the tortfeasor's insurer, rather than suing the tortfeasor directly, on the issue of

liability."). Here, MGHI is not an injured party suing the Osborns' liability insurer. Rather,

notwithstanding MGHI's protestations to the contrary, it is suing Trustmark as an assignee of the

Osborns, asserting whatever rights they have against Trustmark. *See Ward v. Sun Valley Foods Co.*, 212 F. App'x 386, 391 (6th Cir. 2006) ("Indeed, it is a fundamental rule of the law of contract that the assignee stands in the shoes of the assignor, possessing the same rights and remaining subject to the same defenses as the assignor.").

## II. MOTION TO DISMISS

In its motion to dismiss, Trustmark contends that MGHI's complaint is subject to dismissal because it is preempted by ERISA's preemption provision under 29 U.S.C. § 1144(a). Having already concluded that MGHI's claim is completely preempted, the Court need not address ERISA preemption. In cases such as this, where the plaintiff's state law claim is preempted by ERISA, the plaintiff should be afforded an opportunity to amend its complaint to request appropriate relief under ERISA § 502(a). *See Jass v. Prudential Health Care Plan, Inc.*, 88 F.3d 1482, 1491 (7th Cir. 1996); *Alley v. Resolution Trust Corp.*, 984 F.2d 1201, 1202 (D.C. Cir. 1993). However, Trustmark also contends that dismissal is warranted because MGHI's claim is barred by the three-year period of limitation set forth in the Policy.

The Policy contains the following provision:

**E. LEGAL ACTION**

No legal action may be brought to recover on the Contract within 60 days after written proof of loss has been given as required. No such action may be brought after 3 years from the time written proof is required to be given.

(Policy at 27.) Regarding proofs of loss, the Policy states:

3. PROOFS OF LOSS

For Basic or Long Term Disability Benefits, written proof of loss must be given within 90 days after the end of each period for which benefits are payable. For any other loss, written proof must be given within 90 days after the loss. If it was not reasonably possible to given written proof in the time required, the claim will not be reduced or denied for this reason if the proof is filed as soon as reasonably possible. The proof required must be given no

later than 12 months from the time specified, unless the claimant was legally incapacitated.

(*Id.*) MGHI alleges that the date of the last service it provided to the Osborns' children was February 12, 2007. Under the Proof of Loss provision, written proof of loss was due not later than May 12, 2007. MGHI had three years from that date to file its complaint – May 12, 2010. However, MGHI did not file its complaint until December 22, 2010, more than seven months late.

MGHI does not argue that the three-year period is unreasonable, likely because such an argument would fail. *See Rice v. Jefferson Pilot Fin. Ins.*, 578 F.3d 450, 454 (6th Cir. 2009) (finding three-year limitations period in ERISA plan was reasonable). It argues, however, that its claim is not untimely because the claim was filed within three years of Trustmark's denial. MGHI contends that because Trustmark did not deny payment until May 20, 2008, or later, it filed suit within the three-year period.

MGHI's argument finds no support in the language of the Policy or the law. The Policy's language is clear: the three years begins to run from the date proof of loss is required to be given, which, for purposes of this case, is 90 days after the loss, i.e., when the medical services were rendered. Moreover, MGHI's argument is contrary to Sixth Circuit authority governing contractual limitations periods under ERISA. In *Rice*, *supra*, the disability policy at issue provided that "'[n]o legal action may be brought more than three years after *proof of claim is required to be given*." 578 F.3d at 455 (alteration and italics in original). The court rejected the application of the clear repudiation rule for determining when the claim accrued, noting that application of such rule would be contrary to the language of the parties' contract. *Id.* Moreover, the court distinguished *Wilkins v. Hartford Life & Accident Insurance Co.*, 299 F.3d 945 (8th Cir. 2002), upon which the district court relied in ignoring the contractual accrual provision, noting that *Wilkins* held that the clear repudiation rule applies when an ERISA claim is governed by a state, rather than contractual, statute

9

of limitations. *Id.* The court concluded that the contractual accrual provision was both permissible and reasonable: "Although there are situations in which a contractual accrual date for ERISA claims could be unreasonable, there is nothing in the language of the contract in this case to suggest that the contractual accrual date is unreasonable." *Id.* at 455-56 (internal citation omitted). Accordingly, under *Rice*, the contractual accrual provision controls, rendering MGHI's claim untimely.

Because a claim for benefits under the Policy is time-barred, any amendment by MGHI to assert a claim under ERISA would be futile. As noted above, however, in its briefs MGHI references an unpled breach of contract claim against Trustmark based upon MGHI's preferred provider contract through UPHP. MGHI contends that the preferred provider contract is an independent obligation of Trustmark that does not implicate ERISA or the Policy. This may or may not be true. Courts confronted with similar arguments by health care providers have distinguished between provider claims asserting a right to payment, which depend upon patient assignments and require interpretation of the ERISA plan at issue to determine whether the claim is covered, and provider claims asserting that the ERISA plan failed to pay the claim at the correct rate under the provider agreement, which arise out of separate agreements. The former types of claims are preempted, while the latter are not. *See Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1348-50 (11th Cir. 2009); *Lone Star OB/GYN Assocs. v. Aetna Health Inc.*, 579 F.3d 525, 530-31, 533 (5th Cir. 2009).

MGHI has not filed a motion for leave to amend its complaint, supported with a proposed amended complaint, making it difficult for the Court to determine whether MGHI is complaining about denials of coverage – a claim that would likely be preempted by ERISA – or simply about Trustmark's failure to pay the claims at the rate set forth in the provider agreement, which would not be preempted. MGHI's state court complaint suggests that MGHI is actually complaining about

denials of claims rather than the proper rate of payment. (Compl. ¶ 6.) In any event, the Court will allow MGHI an opportunity to move for leave to file an amended complaint setting forth a state court breach of contract claim, supported by a proposed amended complaint setting forth the precise nature of the claim or claims. MGHI must also attach to its proposed amended complaint a copy of the relevant contract upon which its claim is based. Trustmark will be granted an opportunity to respond to the motion, in which it may address whether MGHI's claim is preempted by ERISA.

### III. CONCLUSION

For the foregoing reasons, the Court will deny MGHI's motion to remand and grant Trustmark's motion to dismiss. MGHI will be afforded an opportunity to file a motion for leave to amend its complaint to allege a state law breach of contract claim as set forth above.

An Order consistent with this Opinion will be entered.


Dated: May 26, 2011                    _____/s/ Gordon J. Quist_____
                                       GORDON J. QUIST
                                       UNITED STATES DISTRICT JUDGE